Ying Liu
Carolyn Shields
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, New York 11355
Tel:    718-463-1868
carolynshields@verizon.net

Attorneys for DOE 2, Associated with
Internet Protocol (IP) Address
108.27.25.30, Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SBO PICTURES, INC.<br>9040 Eton Avenue<br>Canoga Park, CA 91304,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DOES 1-92,<br><br>　　　　　　Defendants | CASE NO. 1:11-CV-07999-LLS<br><br>ECF CASE<br><br>MEMORANDUM OF LAW IN<br>SUPPORT OF DOE 2'S MOTION TO<br>QUASH AND MOTION TO DISMISS |

**MEMORANDUM OF LAW**

**MOTION TO QUASH**

**A. Plaintiff's request for a subpoena failed to comply with the requirements of the Digital Millennium Act.**

The subpoena served by plaintiff on Verizon Internet Services (Exhibit B to the Declaration of

the putative Doe 2, "Defendant") should be quashed because it fails to comply with the

requirements of the Digital Millennium Act, in particular, the requirements of 17 U.S.C. §

1

512(h)(2) and (c)(3)(A), or plaintiff failed to demonstrate to the Court that it satisfies those requirements.

Section 512(h)(2)(A) requires the plaintiff to file with the Court "a copy of the notification [to the Internet Service Provider] described in subsection (c)(3)(A)." Defendant's counsel finds no notification in the Court's docket or in any of the documents filed in the docket. Thus, it appears that plaintiff did not file the required notification.

If the Exhibit A which the Declaration of Jon Nicolini repeatedly refers to was intended by plaintiff to be the notification required by section 512(h)(2)(A) and (c)(3)(A), that Exhibit A fails to comply with the statutory requirements in the following respects:

1  The Exhibit A which the Nicolini Declaration refers to appears to be Exhibit A to the Complaint. Exhibit A fails to contain "[a] physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed," as required by section (c)(3)(A)(I).

2  Exhibit A fails to contain "[a] statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law," as required by section (c)(3)(A)(v).

3  Exhibit A fails to contain "[a] statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed," as required by section (c)(3)(A)(vi).

Nor are the omitted requirements cured by any submission to the Court of a separate statement. The Nicolini Declaration discusses mass copyright cases generally; discusses how peer-to-peer software programs work; and discusses the searches which plaintiff uses in such cases to identify

alleged infringers.  Only in paragraph 21 does the Declaration state that plaintiff's claimed agent, Copyright Enforcement Group, LLC ("CEG"), identified the alleged copyrighted work (section 512(c)(3)(A)(ii)) and, by incorporation of Exhibit A to the Complaint, IP address information (section 512(c)(3)(A)(iv)).  However, plaintiff's submissions to the Court do not show that these two requirements were satisfied by a notice to Verizon Internet Services.  In addition, plaintiff does not show that CEG is an authorized agent of plaintiff for the purpose of seeking the subpoenas requested of the Court.

Also missing from the required support for the request for subpoenas is "a sworn declaration to the effect . . . that such information [identity of an alleged infringer] will only be used for the purpose of protecting rights under this title," as required by section 512(h)(2)(C).

Because the requirements of sections (c)(3)(A) and (h)(2) were not satisfied, the subpoena should not have issued.  17 U.S.C. § 512(h)(4).

As shown in Defendant's Motion To Dismiss, the required purpose and good faith of plaintiff are absent.

**B. Defendant's right to privacy and anonymity of Defendant's identifying information is entitled to some protection by the constitution, by statute, and by contract.**

London-Sire Records, Inc. v. Doe 1, 542 F. Supp. 2d 153, 158-182 (D. Mass. 2008) ("the minimal First Amendment protection their activity garners entitles them to some scrutiny of a discovery request that uses the power of the Court to threaten the privilege"), *citing* Sony Music Entm't v. Does 1-40, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004); McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 357, (1995); NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 460-62 (1958).  Plaintiff did not provide the Court with support adequate to allow the required scrutiny.

Defendant's Declaration and Exhibit A thereto refer to the terms of the contract between Defendant and Verizon according Defendant the right to privacy of personal identifying information.

### MOTION TO DISMISS, OR SUGGESTION THAT THE COURT  *SUA SPONTE* DISMISS THE ACTION

**A. This action should be dismissed because it is asserted solely against fictitious defendants.**

Although Defendant Doe 2 may not have standing to move to dismiss this action until plaintiff substitutes a real defendant for the fictitious Defendant, Defendant suggests that the Court *sua sponte* dismiss the case for reasons discussed herein.

This action is asserted solely against the fictitious defendants Does 1 through 92.  An action solely against fictitious defendants should be dismissed.  Scheetz v. Morning Call, Inc., 747 F. Supp. 1515, 1534-35 (E.D. Pa. 1990), *aff'd*, 946 F.2d 202 (3d Cir. 1991)*, rehearing and rehearing in banc denied*, 1991 U.S. App. LEXIS 26142 (3d Cir. 1991), *cert denied*, 502 U.S. 1095 (1992).  As discussed this year by the U.S. District Court for the Central District of Illinois in a case involving only fictitious defendants, the connection between an IP address and an alleged infringer had not been shown:

> In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet.  Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). See Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011),

http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

    The list of IP addresses attached to VPR's complaint suggests . . . a similar disconnect between IP subscriber and copyright infringer. . . .  The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

    VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. . . .  Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."  Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?  The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

    . . . .

    . . . In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone.  The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions.

VPR Internationale v. Does 1-1017, 2011 U.S. Dist. LEXIS 64656, 3-6 (C.D. Ill. 2011).  See also https://www.eff.org/deeplinks/2011/10/courts-call-out-copyright-trolls-coercive-business, discussing decisions which treated cases like this one as "shakedown operations to extract . . . settlements"; On the Cheap, LLC v. Does 1-5011, 2011 U.S. Dist. LEXIS 99831, 11-12 (N.D. Cal. Sept. 6, 2011) ("the copyright laws are being used as part of a massive collection scheme and not to promote useful arts," suggesting films are being made specifically for this collection purpose).

    The movies produced by plaintiff are not on the order of, say, "Citizen Kane."  As shown by the Declaration of Defendant, if Defendant were named in this action as an alleged downloader of the kind of movies produced by plaintiff, it would be highly embarrassing to Defendant.  Before a

defendant is exposed to such consequences of what plaintiff seeks, a court should consider the motivations of plaintiffs in cases like these.

**B. This action should be dismissed under Rule 12(b)(3) for improper venue.**

Similarly, Defendant moves to dismiss this action under Rule 12(b)(3) on the ground that venue is improper, or suggests that the Court *sua sponte* dismiss the case on that ground.

Plaintiff claims to have named Doe defendants who are present in the District. Though an examination of the IP addresses in any of the publicly available location software programs shows that defendants may be present in the State of New York, such examination shows many defendants that have no presence in the District. For example, there are defendants whose IP addresses are associated with Buffalo. Berlin Media Art v. Does 1 - 654, 2011 U.S. Dist. LEXIS 120257, 4-5 (N.D. Cal. 2011) ("Plaintiff does not allege any facts to demonstrate that any of the IP addresses referenced belong to users located in this District.")

As shown by the Declaration of Defendant, Defendant is not domiciled in this District and none of the alleged acts and omissions alleged against Defendant occurred in this District, making venue improper under 28 U.S.C. §1391.

Under 28 U.S.C. § 1400, "venue is proper 'in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" Symantec Corp. v. Johns Creek Software, Inc., 2011 U.S. Dist. LEXIS 102330 (N.D. Cal. Sept. 12, 2011), citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010). As shown by Defendant's Declaration, Defendant is not present in the Southern District of New York and has no contacts with the Southern District of New York that would support venue.

Plaintiff has the burden of showing that venue is proper.  "On a Rule 12(b)(3) motion to dismiss based on improper venue, the burden of showing that venue in the forum district is proper falls on the plaintiff." United States Envtl. Prot. Agency v. Port Auth. of New York and New Jersey, 162 F. Supp. 2d 173, 183 (S.D.N.Y.  2001).

## CONCLUSION

For the reasons discussed above, Defendant respectfully requests that the Court quash the subpoena attached as Exhibit B to Defendant's Declaration; and/or dismiss the action because it is asserted solely against fictitious defendants or under Rule 12(b)(3) for improper venue.

DATED:   December 13, 2011

        Respectfully submitted,

        /s/ Carolyn Shields
        CAROLYN SHIELDS
        YING LIU
        LIU & SHIELDS LLP
        41-60 Main Street, Suite 208A
        Flushing, NY 11355
        Tel:  718-463-1868; Fax:  718-463-2883

        Attorneys for DOE 2, Associated with Internet Protocol (IP) Address 108.27.25.30, Defendant