**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SBO PICTURES, INC. | ) |
| 9040 Eton Avenue | ) |
| Canoga Park, CA 91304 | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 1:11-cv-07999-LLS |
| | ) |
| DOES 1 – 92 | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DOE**
**NUMBER 2's MOTION TO QUASH SUBPOENA**

Plaintiff SBO Pictures, Inc., filed a Complaint against John Does who are New York residents who have traded the exact identical file of Plaintiff's copyrighted motion picture without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network).

On December 13, 2011, Doe Number 2 (IP address 108.27.25.30), through counsel, filed a "Motion of Defendant Doe 2, Associated with IP Address 108.27.25.30 to Quash Subpoena served on nonparty Verizon internet services under Rule 45; Fed.R.Civ.P. and to dismiss; Declaration of Doe 2; Memorandum of Law."

In the Motion, Doe Number 2 argues: (1) The subpoena "fails to comply with the requirements of 17 U.S.C. §§ 512(h)(2) and (c)(3)(A)" [*see Digital Millenium Copyright Act*]; (2) "and on the further ground that it infringes Defendant's right to privacy and to anonymity"; (3) "an action against fictitious defendants is improper"; (4) "and under Rule 12(b)(3), Fed.R.Civ.P., for improper venue." Doe Number 2's Motion should be denied.

### I. Doe Number 2 Lacks Standing to Challenge the Subpoena

A party to a lawsuit lacks standing to object to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest or privacy interest in the subpoenaed matter. *See Fed R. Civ. P. 45(c)(3)(B)*. See also *Robertson v. Cartinhour*; 2010 U.S. District LEXIS 16058 (D.Md. 2010) (Day, MJ) (*unreported*). Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber information because they have already conveyed such information to their Internet Service Providers (ISPs). See *Guest v. Leis,* 255 F. 3d 325 (6th Cir. 2001); *United States v. Simons,* 206 F.3d 392 (4th Cir., 2000). The only information sought through the Subpoena at issue are the Doe defendants' names, addresses, e-mail addresses and Media Access Control (MAC) numbers. This information has already been shared by the Doe Defendants their respective (ISPs).

Further, the Doe defendants exposed their IP addresses to the public by sharing and distributing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Complaint and the *Declaration of Jon Nicolini*.

### II. The subpoena does not "fail[] to comply with the requirements of 17 U.S.C. §§ 512(h)(2) and (c)(3)(A)" [*see Digital Millenium Copyright  Act*].

In challenging the subpoena, Doe Number 2 makes creative novel arguments involving the Digital Millenium Copyright Act (DMCA), 17 U.S.C. Section 512(h)(2) and (c)(3)(A), which unfortunately are completely erroneous. In fact, Doe Number 2 is playing ball in the wrong ballpark:

(1) The DMCA does not apply to individual copyright infringers, but only to internet service providers. Specifically, "the DMCA adds a new section 512 to the Copyright Act to create four new limitations on liability for copyright infringement by online service providers." *See The Digital Millennium Copyright Act of 1998, U.S. Copyright Office Summary, December 1998, page 8, available at* http://www.copyright.gov/legislation/dmca.pdf. This Section is referred to as the "safe harbor provision" for internet service providers to protect them from liability if information is transmitted in violation of copyrights. Thus, Doe Number 2's argument is inapposite.

(2) DMCA Section 512 provides for a different kind of subpoena than the one at issue in this case. Section 512(h) allows a copyright owner to obtain a subpoena *without filing a lawsuit*. Section 512(h)(1) provides: "(1) Request. - A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection." Thus, Doe Number 2's argument is inapposite.

(3) Courts have held that the DMCA "subpoena without a lawsuit" mechanism does not apply to these kinds of copyright infringement cases, and that is why a subpoena under F.R.Civ.P. 45 must be used. See *Recording Indus. Ass'n v. Charter Communs., Inc. (In re Charter Communs., Inc.)*, 393 F.3d 771, 777-778 (8th Cir. Mo. 2005) [*For purposes of this appeal, we do not address the constitutional arguments presented by Charter, but do note this court has some concern with the subpoena mechanism of § 512(h). We comment without deciding that this provision may unconstitutionally invade the power of the judiciary by creating a statutory framework pursuant to which Congress, via statute,*

3

*compels a clerk of a court to issue a subpoena, thereby invoking the court's power.*];
*Arista Records LLC v. Does 1 - 11*, 2007 U.S. Dist. LEXIS 97118 *4 (W.D. Okla. Nov.
14, 2007) [*Although their brief in support of their motion to quash is not clear in this
regard, the Doe Defendants seem to suggest that Plaintiffs were required to and failed to
comply with the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). But
Plaintiffs' subpoena was issued pursuant to Rule 45, Fed. R. Civ. P. A "DMCA subpoena
is a prelitigation subpoena" which is not used when the litigation preexists the subpoena.
Recording Industry Association of America v. University of North Carolina at Chapel
Hill, 367 F. Supp. 2d 945, 958 (M.D.N.C. 2005)*].

(4)  Similarly, the DMCA Section 512(c)(3)(A) notice is directed to the internet service
provider so that the internet service provider can invoke the "safe harbor" provision and
not itself be liable. See Section 512: "(1) In general. - A service provider shall not be
liable for monetary relief … if the service provider … (A) (i) does not have actual
knowledge that the material or an activity using the material on the system or network is
infringing …; and (C) upon notification of claimed infringement as described in
paragraph (3), responds expeditiously to remove, or disable access to, the material that is
claimed to be infringing or to be the subject of infringing activity. …. (3) … (A) To be
effective under this subsection, a notification of claimed infringement must be a written
communication provided to the designated agent of a service provider that includes
substantially the following …" Thus, Doe Number 2's argument is inapposite.

(5)  Even though not relevant to the legal analysis, Plaintiff did provide the DMCA notices to
Doe Number 2's internet service provider. *See Declaration of Jon Nicolini, attached to
the Complaint, paras. 21 & 23.*

In sum, Doe Number 2 is arguing the wrong law. This is not a 17 U.S.C. Section 512 subpoena (which does not require an underlying lawsuit). Instead, this is a F.R.Civ.P. 45 subpoena. Thus, Doe Number 2's arguments are irrelevant to the subpoena at issue.

## III. The subpoena does not "infringe[] Defendant's right to privacy and to anonymity".

There is no privacy interest in the contact information sought by the subpoena.

As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Fed.R.Civ.P. 45(d)(2).*

The burden of persuasion on a motion for protective order or to quash is borne by the movant. *See Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F.Supp.2d 1, 16-17 (D.D.C. 2010) (motion for protective order); *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C.Cir. 1998) (motion to quash).

Doe Number 2 fails to provide any explanation why the information sought is subject to a privacy interest or privileged. Doe Number 2 refers to Verizon's privacy policy, but that that policy only describes how *Verizon* handles customer information. Plaintiff failed to find any relevance in Verizon's privacy policy to the case at bar.

Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their ISPs. *See, e.g., Guest v. Leis*, 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals generally lose a reasonable

expectation of privacy in their information once they reveal it to third parties."); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *U.S. v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

Whatever right to anonymity the Doe defendant may have in this context does not shield from allegations of copyright infringement. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *West Bay One, Inc. v. Does 1-1653*, 270 F.R.D. 13, 16 n.4 (D.D.C. 2010) (same); *Elektra Entm't Grp., Inc. v. Does 1-9*, No. 04-2289, 2004 WL 2095581, at *4-5 (S.D.N.Y. Sept. 8, 2004) (finding that First Amendment right to anonymity is overridden by plaintiff's right to protect copyright).

## IV. This Case should not be dismissed because "an action against fictitious defendants is improper."

Doe Number 2 makes another curious argument by claiming that this case should be dismissed "until plaintiff substitutes a real defendant for the fictitious Defendant ..."

The John Does who participated in the alleged illegal file-sharing only identified themselves by their IP address in the process. Thus, Plaintiff has no other way of finding out their names and addresses except to subpoena their internet service provider.

The cases that Doe Number 2 cites for the proposition that Doe identified by their IP address are fictitious are inapposite:

(1) *Scheetz v. Morning Call, Inc.*, 747 F.Supp. 1515, 1534-1535 (E.D. Pa., 1990), is a Section 1983 civil rights case where all Defendants were identified except one police officer. Plaintiffs failed to undertake proper discovery to identify the police officer and did not notify the City and the Police Department.

(2) *VPR Internationale v. Does 1-1017*, No. 11-cv-02068 (C.D. Illinois 2011), is a class action by a foreign copyright owner against a multitude of alleged infringers who infringed upon one or more unidentified copyrighted works. Plaintiff did not name the multiple copyrighted works at issue, and there was no allegation in the complaint that the alleged infringers traded the identical file (as identified by the hash mark). The judge in that case did not grant discovery because the request was "a perversion of the purpose and intent of Fed.R.Civ.P. 23" [class actions]. *See order of March 9, 2011, id.*

(3) *On the Cheap, LLC v. Does 1-5011*, C10-4472 (N.D. California 2011), was a case involving a multiple alleged infringers who were not even California residents (though a small number may have been). Also, Plaintiff in that case failed to allege that the John Does traded exactly the same file. Thus, this case is inapposite because the dismissal was not based on the fact that the defendants were "John Does" at that point.

Therefore, the arguments of Doe Number 2 have no merit.

**V.  This case should not be dismissed "under Rule 12(b)(3), Fed.R.Civ.P., for improper venue."**

Next, Doe Number 2 claims that venue is improper and the matter should be dismissed under FRCP 12(b)(3). 28 U.S.C. Section 1391(a) requires for proper venue that "a substantial part of the events or omissions giving rise to the claim" must have occurred there.

Doe Number 2's arguments are premature. Doe Number 2 has not been named yet. Improper venue is an affirmative defense that must be raised either by answer or by a Rule 12(b) motion. See F.R.Civ.P. 12(h)(1). This takes place after the John Doe has in fact been named. See explanations below based on order in W*est Coast Productions, Inc., v. Does 1 – 5,829*, Case 1:11-cv-00057-CKK (D.C. District Court 2011), Memorandum Opinion of June 10, 2011, Document 125.

***Plaintiff made the necessary allegations for venue in the Complaint***

First, Plaintiff has properly alleged, based on its investigation, that venue is proper over the John Does. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. New York applies a version of the "significant relationship" test of Section 6. Restatement (Second) of Conflict of Laws § 188, applying the law of the state with the greatest concern for the specific issue. Babcock v. Jackson, 12 N.Y.2d 473 (1963).

Here, Plaintiff alleged in Paragraphs 2 and 3 of the Complaint that "Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). …. [O]n information and belief, each Defendant may be found in this District and/or a substantial part of the alleged events

occurred and/or have a significant effect within this District. … In addition, each Defendant contracted with an Internet Service Provider (ISP) found in this District to provide each Defendant with access to the Internet. Therefore, venue in this Court is proper in accordance with 28 U.S.C. §§ 1391(b) and 1400(a)."

District courts in New York generally use a "weight of contacts" approach in deciding where the claim arises for purposes of venue. Canaday v. Koch, 598 F.Supp. 1139, 1147 (E.D.N.Y.1984); Ghazoul, 398 F.Supp. at 315-16. Under the "weight of contacts" approach, the claim arises "in the district where the defendant's contacts had been most significant." Honda Associates, Inc. v. Nozawa Trading, Inc., 374 F.Supp. 886, 891 (S.D.N.Y. 1974).

### *Venue argument is premature*

Second, Doe Number 2's arguments are premature. Plaintiff's response that follows is taken largely from the Court's reasoning in *West Coast Productions, Inc., v. Does 1 – 5,829*, Case 1:11-cv-00057-CKK (D.C. District Court 2011), Memorandum Opinion of June 10, 2011, Document 125.

The Federal Rules of Civil Procedure require that persons filing papers in this Court identify themselves in their papers. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.") "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to protect the public's legitimate interest in knowing all the facts involved, including the identities of the parties." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (internal quotation marks and citation omitted). The public has a common

law right of access to judicial records, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and allowing a party to litigate anonymously undermines that public right.

Venue is a threshold defense that is waived unless a defendant raises it in an answer or pre-answer motion. *Fed. R. Civ. P. 12(b), (h)(1)*. Accordingly, the plaintiff is not required to plead the basis for personal jurisdiction over any defendant in the complaint. *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995). Once a defendant raises the defense of lack of personal jurisdiction, "the general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). To meet this burden, the plaintiff will normally be afforded the opportunity to engage in discovery relating to jurisdictional facts. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("[I]f a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified."). "Therefore, before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists." *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986) (per curiam).

Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although movants in these cases generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by the internet service provider, the Court cannot automatically draw that conclusion. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties. Therefore, it is premature to evaluate their affirmative defenses.

10

Furthermore, even assuming that a John Doe will ultimately be named as a defendant, he will have the opportunity to assert any affirmative and other defenses once he is served with process, either in an answer or in a pre-answer motions to dismiss. Until that time, such defenses are premature. Other courts have reached a similar conclusion based on the unavailability of jurisdictional discovery to the plaintiff. *See, e.g., Call of the Wild Movie*, 2011 WL 996786 at *8-10 ("*[A]t this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction or to evaluate possible alternate bases to establish jurisdiction*); *London-Sire Records, Inc. v. Doe 1*, 542 F.Supp. 2d 153, 180-81 (D. Mass. 2008) (*denying motion to quash for lack of personal jurisdiction filed by Jane Doe defendant because jurisdictional discovery might establish a basis for jurisdiction*); *Sony Music Entm't*, 326 F. Supp. 2d at 567-68 (*concluding that it would be premature to determine that personal jurisdiction is lacking before the defendant had been identified*).

Therefore, the Court should deny Doe Number 2's motion to dismiss based on venue.

## VI. CONCLUSION

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny the Motion to Quash submitted by Doe Number 2.

A proposed order will be emailed to *judgments@nysd.uscourts.gov.*

Respectfully submitted this 18th day of December, 2011.

FOR THE PLAINTIFF:

By:   /s/ Mike Meier
Mike Meier (NY Bar ID 321277)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on 18 December 2011, I will electronically file the foregoing
with the Clerk of the Court using the CM/ECF system, and will also email a copy to counsel:


Ying Liu
Carolyn Shields
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Email: carolynshields@verizon.net


By:    /s/ Mike Meier
Mike Meier (NY Bar ID 321277)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF