Ying Liu
Carolyn Shields
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, New York 11355
Tel 718-463-1868
carolynshields@verizon.net

Attorneys for DOE 2, Associated with
Internet Protocol (IP) Address
108.27.25.30, Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SBO PICTURES, INC.<br>9040 Eton Avenue<br>Canoga Park, CA 91304,<br><br>    Plaintiff,<br><br> v.<br><br>DOES 1-92,<br><br><br>    Defendants | CASE NO. 1:11-CV-07999-LLS<br><br><br><br>ECF CASE<br><br>REPLY OF DEFENDANT DOE 2,<br>ASSOCIATED WITH<br>IP ADDRESS 108.27.25.30,<br>TO OPPOSITION OF PLAINTIFF<br>TO DEFENDANT'S MOTION<br>TO QUASH SUBPOENA SERVED<br>ON NONPARTY VERIZON<br>INTERNET SERVICES UNDER<br>RULE 45, FED. R. CIV. P. AND TO<br>DISMISS; MEMORANDUM OF LAW<br>FILED CONCURRENTLY:<br>DECLARATION OF<br>CAROLYN SHIELDS |

**MEMORANDUM OF LAW IN SUPPORT OF REPLY OF
DEFENDANT DOE 2, ASSOCIATED WITH IP ADDRESS 108.27.25.30,
TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO QUASH AND MOTION TO DISMISS**

A.  **Relationship between Rule 45 and DMCA**

Rule 45, Fed. R. Civ. P. and the Digital Millennium Copyright Act, 18 U.S.C. § 512(h), are not unrelated. Rule 45(c)(3)(A)(iii) allows a court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Section 512(h), in providing requirements for certain subpoenas, provides exceptions to quashing a Rule 45 subpoena when the section 512(h) requirements are complied with. As Defendant showed in Defendant's opening papers, the section 512(h) requirements were not complied with and therefore the subpoena should be quashed.

On another view, a plaintiff should not be allowed to circumvent the requirements of section 512(h) by commencing a separate action against Doe defendants and seeking Rule 45 subpoenas. If Congress believes that section 512(h) requirements are important in the specific situation of this case, those requirements are important to an evaluation of the propriety of a Rule 45 subpoena.

B.  **If venue is improper as to Doe 2, the case should be dismissed.**

In contrast to venue under 28 U.S.C. § 1391, venue under 28 U.S.C. § 1400(a), "the exclusive venue statute for copyright infringement actions," Nu Image, Inc v. Doe, 2011 U.S. Dist. Lexis 83293 (D.D.C. 2011), requires that all defendants be found in the District: "In essence, section 1400(a) requires that every single defendant can be "found here" [in the District] in order for venue to be proper in this Court." Id.  See also Berlin Media Art v. Does 1 - 654, 2011 U.S. Dist. LEXIS 120257 (N.D. Cal. 2011) ("Plaintiff does not and cannot allege that each of the 654 defendants are found in this District. Thus, venue is not proper under section 1400.").

C.     **Venue in this District is improper.**

As shown by the declaration of Doe 2, which accompanied Defendant's opening papers, and the declaration of Carolyn Shields, which accompanies Defendant's reply papers, the computer assigned IP address 108.27.25.30 is found in Queens County, New York within the Eastern District of New York.  If the Court considers the declaration signed in the name of Doe 2 to be inappropriate, Defendant requests leave of court to file the declaration, signed in Defendant's real name, under seal.

Because Defendant Doe 2 is not found in this District, the action should be dismissed under 28 U.S.C. § 1400(a).  Curtis v. Madovoy, 84 F. Supp. 637 (E.D.N.Y. 1949) ("Eastern district of New York is not proper venue as to alleged infringers who reside or may be found in southern district of New York.").

Thus, plaintiff's motion for expedited discovery failed "to demonstrate that the complaint could withstand a motion to dismiss." Berlin Media Art v. Does 1 - 654, 2011 U.S. Dist. LEXIS 120257 (N.D. Cal. 2011).

D.     **This court lacks subject matter jurisdiction.**

Because this case has been brought solely against fictitious defendants, there is no case or controversy under Article III of the constitution.  Recording Indus. Ass'n v. Charter Communs., Inc., (In re Charter Communs., Inc.), 393 F.3d 771, 777-78 (8th Cir. 2005) ("we believe Charter has at least a colorable argument that a judicial subpoena is a court order that must be supported by a case or controversy at the time of its issuance").  A claim attributable to advances in technology should not be a basis for changing case or controversy jurisprudence.  Cf, e.g., Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., 351 F.3d 1229, 1238 (D.C. Cir. 2003), rehearing en banc denied, 2004 U.S. App. LEXIS 3564 (D.C. Cir. 2004), cert. denied, 543 U.S. 924 (2004).

## CONCLUSION

For the reasons discussed herein and in Defendant's opening papers, Defendant respectfully requests that the Court quash the subpoena served on Verizon Internet Services with respect to the identifying information of Doe 2, associated with IP Address 108.27.25.30, dismiss the action under Rule 12(b)(3) and 28 U.S.C. § 1400(a) for improper venue, or dismiss the action because it is asserted solely against fictitious defendants.

DATED:    December 20, 2011            Respectfully submitted,

  _/s/ Carolyn Shields_____
CAROLYN SHIELDS
YING LIU
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel:  718-463-1868; Fax:  718-463-2883

Attorneys for DOE 2, Associated with
Internet Protocol (IP) Address
108.27.25.30, Defendant